**JAW LEGAL**
Jared A. Washkowitz  (7653)
1050 Bishop Street #450
Honolulu, Hawaii 96813
Tel: 808-840-7410
Fax: 415-520-9729
Email: jw102475@gmail.com

Attorney for Plaintiff
CHRISTOPHER J. CAVALERI

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER J. CAVALERI,  ) | CASE NO.: |
| ) | |
| Plaintiff,  ) | **COMPLAINT; SUMMONS** |
| ) | |
| vs.  ) | (In Admiralty) |
| ) | |
| BLUE DOLPHIN CHARTERS,  ) | |
| LTD.; DOE DEFENDANTS 1-20,  ) | |
| DOE CORPORATIONS, 1-20, DOE  ) | |
| GOVERNMENT AGENCIES 1-20,  ) | |
| DOE PARTNERSHIPS 1-20,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |
| _____  ) | |

_

## **COMPLAINT**

Plaintiff CHRISTOPHER J. CAVALERI (herein "CAVALERI" or "Plaintiff"),

by and through his undersigned counsel, sets forth the following Complaint against

Defendants BLUE DOLPHIN CHARTERS, LTD. (herein "BLUE DOLPHIN"), DOE DEFENDANTS 1-20, DOE CORPORATIONS, 1-20, DOE GOVERNMENT AGENCIES 1-20, DOE PARTNERSHIPS 1-20, as follows:

## I.      Parties, Jurisdiction, and Venue

1.      This is a case of admiralty and maritime jurisdiction as more fully alleged herein, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Jurisdiction is based upon 28 U.S.C. § 1333 (admiralty) as this action is a claim for injuries sustained by a passenger aboard a vessel in navigation upon the navigable waters of the United States. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff and all Defendants are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Venue is proper in this district pursuant to 28 USC § 1391 because Defendants reside in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

3.      Plaintiff CAVALERI is and was, at all relevant times herein, a resident of Morgan County, State of Colorado.

4.      Upon information and belief, Defendant BLUE DOLPHIN is and was all times relevant herein a limited liability company registered to do business in the State of Hawaii (Kauai) for the purpose of operating boat tours in Kauai, and is and was the owner, operator, lessor and/or charterer of a zodiac vessel (herein "the Vessel") upon which the accident, as described below, occurred.

5.      DOE DEFENDANTS 1 through 20, DOE CORPORATIONS 1 through 20, DOE GOVERNMENT AGENCIES 1-20, and DOE PARTNERSHIPS 1-20, are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiffs, except that they are persons and/or entities who are in some manner presently unknown to Plaintiffs engaged in the activities alleged herein; and/or are in some manner responsible for the injuries and damages to Plaintiffs; and/or are persons and/or entities who conducted some activity in a negligent and/or willful manner; which conduct was the proximate cause of the injuries or damages to Plaintiff and/or were in some manner related to the previously named Defendants engaged in the activities alleged herein; and Plaintiff prays leave to insert their true names and capacities, activities and/or responsibilities, whether individual or corporate, when the same are ascertained.  Plaintiff has been unable to ascertain the identities of these DOE DEFENDANTS through a thorough examination

of all documents available to Plaintiff at this time.  Defendant BLUE DOLPHIN and

DOE DEFENDANTS may be collectively referred to herein as "Defendants".

## II.    General Allegations

6.    On or around August 8, 2016, Plaintiff CAVALERI purchased tickets for

he and his wife to participate on a scenic cruise and snorkeling excursion to the Na

Pali coast with Defendants on the Vessel.   The seas were extremely rough due to a

storm that recently passed and the vessel had to turn around before tour was complete.

7.    During the trip, while the Vessel was returning to port, the Vessel

suddenly and without warning began racing another vessel that was alongside it. Due

to the carelessness of the Defendants and the rough ocean conditions, Plaintiff was

violently thrown from his seat approximately 5-6 feet in the air.  Plaintiff landed hard

on his left side resulting in severe injuries, including but not limited to injuries to his

left wrist, left hip, left knee , back , neck and head, and aggravations of preexisting

injuries which had resolved prior to the accident.    Plaintiff received treatment at the

emergency room at the Kauai Medical Clinic in Lihue and later returned home to

Colorado for further treatement.  Plaintiff was unable to work for a period of time due

to the injuries, and he still experiences daily pain from the injuries.

8.     Upon information and belief, Defendants owned and operated the Vessel that Plaintiff was on at the time of the Accident.  At all times relevant herein, Defenadnts failed to operate the Vessel in a safe and prudent manner, failed to give passengers proper safety instructions prior to boarding, failed to equip the Vessel with proper safety features to prevent passengers from being thrown from their seats, failed to cancel the tour despite knowledge that unsafe conditions existed, and committed such other negligent acts and ommissions that proximately caused Plaintiff's injuries as will be revealed by further discovery.

## COUNT I

### NEGLIGENCE

9.     Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

10.     At all times relevant herein, Defendants owed Plaintiff a duty of reasonable care under the circumstances and a duty to protect Plaintiff from unreasonable risk of physical harm.

11.     At all times relevant herein Defendants breached this duty of care by failing to operate the Vessel in a safe and prudent manner, failing to give passengers proper safety instructions prior to boarding, failing to equip the Vessel with proper

safety features to prevent passengers from being thrown from their seats, failing to cancel the tour despite knowledge that unsafe conditions existed and by committing such other negligent acts and ommissions that proximately caused Plaintiff's injuries as will be revealed by further discovery.  At all material times Defendans had actual or constructive notice of the above conditions and knew or should have known that the above conditions created an unreasonable risk of harm to Plaintiff.

12.    As a direct and proximate result of the Defendants' negligence as alleged above, Plaintiff suffered and continues to suffer from severe injuries, pain and suffering, emotional distress, lost income and other special and general damages in amounts according to proof that are in excess of this Court's minimum jurisdiction.

## COUNT II

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

13.    Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in paragraphs 1 through 18 above.

14.    In performing all of the acts described above, Defendants negligently inflicted severe emotional distress on Plaintiff.

15.     As a direct and proximate result of the Defendants negligent infliction of severe emotional distress, Plaintiff suffered special and general damages in amounts to be proven at trial.

WHEREFORE, Plaintiff CHRISTOPHER J. CAVALERI prays for judgment against Defendants, jointly and severally, as follows:

A.     For general damages in an amount to be proven at trial in excess of $75,000;

B.     For special damages in an amount to be proven in trial in excess of $75,000;

C.     For consequential and incidental damages in an amount to be proven at trial, and

D.     For attorneys' fees, costs of suit, prejudgment interest from the date of this incident, and such other and further relief, both legal and equitable, that this Court deems just and proper under the circumstances.


DATED: Honolulu, Hawaii, September 19, 2017

　/s/Jared A. Washkowitz　　　　　　　
JARED A. WASHKOWITZ
Attorneys for Plaintiff
CHRISTOPHER J. CAVALERI